[850 NYS2d 724]

In the Matter of ONOFRIO J. PULEO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 28, 2007

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*G. Gerald Fiesinger, Jr.*, Little Falls, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 12, 1973, and maintains an office for the practice of law in Utica. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from a business transaction with a client and with other misconduct. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation amending the pleadings and resolving most of the outstanding issues of fact. A hearing was held on the only remaining issues in dispute, i.e., whether respondent made adequate disclosures to his client with respect to the risks and potential conflict of interest arising from the business transaction and whether he obtained the required consent to the terms of the transaction and to the inherent conflict of interest.

It is undisputed that in 1990, respondent entered into a business transaction with a client for the development of waterfront property. A preincorporation agreement was executed, but there was no writing evidencing the terms of the agreement between respondent and the client. Respondent acknowledged that, pursuant to his oral agreement with the client, he accepted monetary advances from the client for a number of years and, in return, provided legal services for the development project until 2003, at which time the project was no longer active. The client's wife died during the time period in which respondent served as legal counsel for the project, and respondent was appointed executor of her estate. The client and his wife's son were the only legatees of the estate, and respondent, as executor, authorized loans from estate funds to the legatees. The client died in 2006.

The Grievance Committee alleged in the petition that, by entering into a business transaction with a client in which respondent had a financial interest without making adequate disclosures to the client concerning the terms of the transaction and obtaining the consent of the client to the terms and to the inherent conflict of interest, respondent violated Code of Professional Responsibility DR 5-101 (a) (22 NYCRR 1200.20 [a]) and DR 5-104 (a) (22 NYCRR 1200.23 [a]). Additionally, because respondent continued to accept monetary advances from the client after DR 5-104 (a) was amended in 1999 to require written disclosures and consent, the Grievance Committee alleged that

respondent had violated that version of the rule as well. Finally, the Grievance Committee alleged that respondent's simultaneous representation of the client and the estate of the client's wife violated Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and DR 5-105 (b) (22 NYCRR 1200.24 [b]).

Respondent acknowledged in his hearing testimony that he made no written disclosures to the client and received no written consent from him. Respondent testified that he had become a social friend of the client in the early 1980s when respondent represented the client's wife in a number of unrelated matters. Respondent further testified that he did not discuss the terms of the business transaction with the client in detail and, based on his view that their interests in the transaction were "uniform," he did not envision that risks to the client would develop as a result of the transaction. The Referee sustained objections made by counsel for the Grievance Committee to any testimony from respondent with respect to statements purportedly made by the client, who had died by the time of the hearing.

The Referee filed a report sustaining the charges in the petition, which the Grievance Committee moves to confirm. Respondent has filed an affidavit in opposition to the motion wherein he concedes that he cannot demonstrate compliance with the amended verison of DR 5-104 (a) because he did not make written disclosures to his client or obtain his written consent with respect to the business transaction. Respondent contends, however, that he was precluded from demonstrating compliance with the former version of DR 5-104 (a), i.e., by establishing the client's consent to the terms of the original transaction in 1990, based on erroneous evidentiary rulings made by the Referee. We reject that contention. The Referee excluded testimony from respondent only with respect to statements attributable to the client. Respondent was permitted to testify with respect to statements that he made to the client, and he failed to demonstrate by his testimony or through the submission of other evidence that he made required disclosures to his client. Consequently, and as noted by counsel for the Grievance Committee, any testimony with respect to statements attributed to the client by respondent would not have demonstrated his compliance with the applicable rule.

We confirm the findings of the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 5-101 (a) (22 NYCRR 1200.20 [a])—accepting or continuing employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by his own financial interests;

DR 5-104 (former [a]) (22 NYCRR 1200.23 [former (a)])—entering into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise professional judgment therein for the protection of the client, unless the client has consented after full disclosure;

DR 5-104 (a) (22 NYCRR 1200.23 [a])—entering into a business transaction with a client if they have differing interests therein and if the client expects him to exercise professional judgment therein for the protection of the client without disclosing the terms of the transaction to the client in writing and obtaining in writing the consent of the client to those terms and to the lawyer's inherent conflict of interest in the transaction; and

DR 5-105 (b) (22 NYCRR 1200.24 [b])—continuing multiple employment if the exercise of his independent professional judgment on behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, and a disinterested lawyer would not believe that he or she could competently represent the interest of each client and each client did not consent to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved.

We have considered the matters submitted by respondent in mitigation, including that respondent has an unblemished record after 34 years in practice and that the misconduct stemmed from a business transaction that was entered into 17 years ago. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

HURLBUTT, J.P., MARTOCHE, SMITH, CENTRA and PERADOTTO, JJ., concur.

Order of censure entered.